**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**LAPEYROUSE GRAIN CORPORATION,
and Demopolis Grain Corporation,
Defendants-Appellees.**

**No. 71-3040.**

United States Court of Appeals,
Fifth Circuit.

Aug. 25, 1972.

Ira De Ment, U. S. Atty., Montgomery, Ala., Walter H. Fleischer, Michael Kimmel, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Alex F. Lanhford, III, Mobile, Ala., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

The Eagerton brothers are soybean farmers. In 1968 they mortgaged their crop to the Consumer Credit Corporation, an agency of the Federal Government. Thereafter they were approached by one Tierce who agreed to purchase their crop. Tierce was to satisfy the mortgage as well.

Tierce, in turn, sold the beans to Lapeyrouse Grain Corporation and its subsidiary, Demopolis Grain Corporation (hereinafter referred to as "Lapeyrouse"). Neither Lapeyrouse nor Tierce paid the mortgage. The Government brought suit against both for conversion. At trial the jury concluded that Lapeyrouse had no actual knowledge of the mortgage. The Government does not contest that finding. Nonetheless Lapeyrouse would be responsible for nonpayment of the mortgage unless it could bring itself within some exception to the general rule that a buyer takes goods subject to a prior chattel mortgage. The jury found Tierce liable but held Lapeyrouse unaccountable for failure to pay the mortgage. It is clear that the jury considered Lapeyrouse to be a buyer who met the requirements of 15 U.S.C. § 714p, set out in the margin.[1] The Government appeals, contending that Lapeyrouse was not entitled to the protection of that statute. We affirm.

■ The Government's theory is that section 714p is unavailable to Lapeyrouse because Tierce was not a "dealer" within the meaning of the statute, and/or because Lapeyrouse did not purchase the beans in good faith and without reason to know that they were mortgaged. There was substantial evidence from which the jury could conclude that Tierce was a "dealer," though the question of his status was not raised below. In charging the jury the district court instructed that Lapeyrouse was entitled to a verdict if by a preponderance of the evidence it showed that the beans were purchased from Tierce in good faith, for value, and without knowledge of or reason to know of the outstanding mortgage. The judge made no mention of any necessity for Lapeyrouse to prove that Tierce was a dealer. The Government did not object to the charge as given. In effect it has waived the right to raise that issue on appeal.

■ At trial Lapeyrouse undertook its burden of asserting the affirmative defense embodied in section 714p by introducing evidence which tended to show both that it lacked actual knowledge of the mortgage and that Tierce was not an agent of Lapeyrouse, actual or apparent, such that his knowledge of the mortgage could be imputed to Lapeyrouse. Although the Government introduced evidence tending to establish that Tierce was an agent of Lapeyrouse, it was clearly within the jury's province and sound discretion to credit Lapeyrouse's evidence and consequently to absolve Lapeyrouse of liability. Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365. Having sustained its burden, by convincing the jury upon substantial evidence that Tierce was not its agent, Lapeyrouse is entitled to prevail on this appeal.

Affirmed.

---

1. "A buyer in the ordinary course of business of fungible goods sold and physically delivered by a warehouseman or other dealer who was regularly engaged in the business of buying and selling such goods shall take or be deemed to have taken such goods free of any claim, existing or hereafter arising, by Commodity Credit Corporation, based on the want of authority in the seller to sell such goods, provided the buyer purchased such goods for value in good faith and did not know or have reason to know of any defect in the seller's authority to sell such goods. To be entitled to relief under this section a buyer must assert as an affirmative defense and establish by a preponderance of the evidence the facts necessary to entitle him to such relief."